# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20392

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

ROXANNE DAUGHERTY,

   Plaintiff - Appellant

v.

CONVERGENT OUTSOURCING, INCORPORATED; LVNV FUNDING, L.L.C.,

   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS, ELROD, and GRAVES, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

The issue presented by this appeal is whether a collection letter for a time-barred debt containing a discounted "settlement" offer—but silent as to the time bar and without any mention of litigation—could mislead an unsophisticated consumer to believe that the debt is enforceable in court, and therefore violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  After receiving such a letter, the plaintiff credit card debtor sued the defendant debt collectors pursuant to the FDCPA.  The district court dismissed the complaint, holding that efforts to collect time-barred debts without threatening or filing suit do not violate the FDCPA.  We reverse.

No. 15-20392

While it is not automatically unlawful for a debt collector to seek payment of a time-barred debt, a collection letter violates the FDCPA when its statements could mislead an unsophisticated consumer to believe that her time-barred debt is legally enforceable, regardless of whether litigation is threatened.

**I.**

According to her complaint, Plaintiff-Appellant Roxanne Daugherty accumulated $12,824.24 in credit card debt. After Daugherty defaulted on the debt, Defendant-Appellee LVNV Funding, L.L.C. ("LVNV") purchased the debt from the creditor. LVNV then hired Defendant-Appellee Convergent Outsourcing, Inc. ("Convergent") to collect the debt on LVNV's behalf. With an interest rate of 8%, the debt had increased to $32,405.91 over the course of many years. Convergent subsequently sent Daugherty a letter, dated January 23, 2014, proposing that Daugherty make a payment of $3,240.59 to "settle" a "past due balance of $32,405.91." The parties agree that the statute of limitations on collection of the debt had expired.

Convergent's letter to Daugherty was titled "Settlement Offer" and stated as follows:

Dear Roxanne L. Daugherty:

This notice is being sent to you by a collection agency. The records of LVNV Funding LLC show that your account has a past due balance of $32,405.91.

Our client has advised us that they are willing to settle your account for 10% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $3,240.59 to clear this account in full.

Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your

account.   We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

The letter requested that Daugherty respond by February 27, 2014, and offered three payment "opportunit[ies]": (1) a "Lump Sum Settlement Offer of 10%" requiring a single payment of $3,240.59; (2) a "Settlement Offer of 25% & Pay Over 3 Months" requiring three payments of $2,700.49; or (3) "Spread Your Payments Over 12 Months" requiring monthly payments of $2,700.49 over the course of a year.

On November 18, 2014, Daugherty filed this suit against Convergent and LVNV, alleging violations of the FDCPA.   According to the complaint, Convergent and LVNV—both "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6)—violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Daugherty's debt and violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect that debt.   Daugherty faulted Convergent's collection letter for failing to disclose that the debt was not judicially enforceable, that settling the debt through a 10% payment would trigger tax liability for Daugherty,[1] and that a partial payment would revive

---

[1] Daugherty does not appeal from the rejection of her tax-consequences claim.

the entire debt.  She sought statutory damages in the amount of $1,000 and attorneys' fees and costs.

Convergent and LVNV moved to dismiss Daugherty's suit for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court granted the motion, relying in part on *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3d Cir. 2011), and *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001), to hold that the FDCPA permits a debt collector to seek voluntary repayment of a time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.  *Daugherty v. Convergent Outsourcing, Inc.*, No. 4:14-CV-3306, 2015 WL 3823654, at *3-7 (S.D. Tex. June 18, 2015).  Daugherty appealed.

## II.

"This court reviews a district court's grant of a motion to dismiss de novo." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).  The plaintiff's well-pleaded facts are to be accepted as true and viewed in the light most favorable to her.  *Id.*  A claim is properly dismissed when the facts alleged do not state a claim that is plausible on its face.  *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e furnishes a nonexclusive list of prohibited

practices, including falsely representing the character, amount, or legal status of any debt, § 1692e(2)(A), and threatening to take any action that cannot legally be taken, § 1692e(5). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." "Congress . . . clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (emphasis omitted) (quoting *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002)). The FDCPA should therefore be construed broadly and in favor of the consumer. *Id.* at 445 n.11.

When evaluating whether a collection letter violates § 1692e or § 1692f, a court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer."[2] *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (alteration in original) (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)).

## IV.

There is an apparent conflict in the circuits as to whether a collection letter offering "settlement" of a time-barred debt can violate the FDCPA if the debt collector does not disclose the debt's unenforceability or expressly threaten litigation. The Third and Eighth Circuits have stated that "[i]n the

---

[2] We refer to both as "unsophisticated" consumers for ease of reference. *See Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.1 (5th Cir. 2002) (opting not to decide which of the two standards governs because "the difference between the standards is de minimis at most").

absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Huertas*, 641 F.3d at 33 (quoting *Freyermuth*, 248 F.3d at 771). On the other hand, the Sixth and Seventh Circuits have held that collection letters offering to settle time-barred debts without disclosing the status of the debt can be misleading and therefore violate the FDCPA even if they do not expressly threaten litigation. *See Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). We have not previously taken a position on this issue,[3] but we are persuaded by *McMahon* and *Buchanan* that a collection letter that is silent as to litigation, but which offers to "settle" a time-barred debt without acknowledging that such debt is judicially unenforceable, can be sufficiently deceptive or misleading to violate the FDCPA.

At the outset, as the court in *McMahon* concluded, "[w]hether a [collection] letter is confusing is a question of fact" and a "[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." 744 F.3d at 1020 (internal quotation marks omitted). In *McMahon*, the debt collectors in the consolidated cases had sent collection letters listing outstanding amounts due but failing to mention that the statute of limitations periods on the debts had

---

[3] LVNV points to our decision in *Castro v. Collecto, Inc.*, 634 F.3d 779 (5th Cir. 2011), for support, but that case is inapposite. There, we parenthetically quoted the Eighth Circuit's statement that, "[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Id.* at 783 (quoting *Freyermuth*, 248 F.3d at 771). The *Castro* panel, however, cited the Eighth Circuit solely for the proposition that "threatening to sue on time-barred debt may well constitute a violation of the FDCPA." *Id.* The question of whether an attempt to collect a time-barred debt can violate the FDCPA even without a threat of litigation simply was not before us at that time.

already expired. *Id.* at 1013-14. The collection letter in each case offered to "settle" the debt at a substantial discount, provided the debtor acted within a prescribed period of time. *Id.* The Seventh Circuit held that each letter could mislead an unsophisticated consumer into believing the debt was judicially enforceable and that each plaintiff's FDCPA claim should therefore survive a motion to dismiss. *Id.* at 1022.

While the *McMahon* court noted that efforts to collect on a time-barred debt are not "automatically improper," it concluded that a debt collector violates the FDCPA when it "uses language in its [collection] letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable." *Id.* at 1020. The court reasoned that this proposition "is straightforward under the statute" as the FDCPA specifically prohibits "the false representation of the character or legal status of any debt." *Id.* (citing § 1692e(2)(A)). The court also found the offers to "settle" misleading because "a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *Id.* at 1021. Thus, the court found the settlement offers "only reinforced the misleading impression that the debt was legally enforceable." *Id.* The court further noted that the Federal Trade Commission and the Consumer Financial Protection Bureau have found that "most consumers do not understand their legal rights with respect to time-barred debt," *id.* (citing FED. TRADE COMM'N, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION 26-27 (2010)), and that these and other agencies have argued in other cases that a debt collector collecting on a time-barred debt "must inform the consumer that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's ability to sue to collect the balance[,]" *id.* at 1015.

For these reasons, the *McMahon* court concluded that the plaintiff in each case had stated an FDCPA claim upon which relief could be granted. *Id.* at 1022.

In *Buchanan*, which involved a similar collection letter offering to settle a time-barred debt without disclosing its unenforceability, a panel majority of the Sixth Circuit arrived at the same conclusion. 776 F.3d at 400. The *Buchanan* court held, in part:

> When a [collection] letter creates confusion about a creditor's right to sue, that is illegal. The [FDCPA] singles out as unlawful the "false representation of . . . the character, amount, or legal status of any debt." "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." A misrepresentation about the limitations period amounts to a "straightforward" violation of § 1692e(2)(A).

*Id.* at 398-99 (alteration in original) (citations omitted). The court also noted that an unsophisticated debtor who could not afford the settlement might assume from the letter that at least a partial payment would be advisable, not knowing that under the controlling state law a partial payment would restart the statute-of-limitations clock on the principal debt. *Id.* at 399. The court therefore concluded that "[w]ithout disclosure, a well-meaning debtor could inadvertently dig herself into an even deeper hole." *Id.* (citing Debt Collection (Regulation F), 78 Fed. Reg. 67,876 (Nov. 12, 2013) ("[C]onsumers may believe that when they make a partial payment on a time-barred debt they have only obligated themselves in the amount of the partial payment but in many circumstances that is not true.")).

*Freyermuth* and *Huertas* involved collection letters demanding payment on time-barred debt but lacking any disclosure that the applicable limitations periods had expired. In *Freyermuth*, the Eighth Circuit held that an attempt to collect on a time-barred debt is permissible under the FDCPA because "a statute of limitations does not eliminate the debt; it merely limits the judicial

remedies available." 248 F.3d at 771. The Third Circuit followed suit, noting that "it is appropriate for a debt collector to request voluntary repayment of a time-barred debt." *Huertas*, 641 F.3d at 33. In each case, the court contrasted the facts before it with cases wherein collection letters contained threats to sue, and concluded that the absence of such threats meant that the letters before them did not violate the FDCPA. *See id.* at 32-33; *Freyermuth*, 248 F.3d at 771.

The Sixth and Seventh Circuits offer differing perspectives on the extent to which their opinions conflict with *Freyermuth* and *Huertas*. The Sixth Circuit asserted common ground with the Third and Eighth Circuits, inasmuch as all three courts found "an attempt to collect a time-barred debt is not a thinly veiled threat to sue." *Buchanan*, 776 F.3d at 399 (citing *Huertas*, 641 F.3d at 33; *Freyermuth*, 248 F.3d at 771). The Sixth Circuit reasoned that, because the letters before the Third and Eighth Circuits did not offer to "settle" or invite a partial payment, the Sixth Circuit's refusal to dismiss the plaintiff's claim based on a very different collection letter did not put it at odds with the two fellow circuits. *Id.* The Seventh Circuit, however, concluded that the FDCPA "cannot bear the reading that" the *Huertas* and *Freyermuth* courts have given it: "The plain language of the FDCPA prohibits not only threatening to take actions that the collector cannot take, but also the use of any false, deceptive, or misleading representation, including those about the character or legal status of any debt." *McMahon*, 744 F.3d at 1020-21. The Seventh Circuit specifically said its "opinion create[d] a conflict in the circuits." *Id.* at 1020 n.1.

We agree with the Seventh Circuit's interpretation of the FDCPA in *McMahon*, and with the Sixth Circuit's opinion in *Buchanan* insofar as it is

consistent with *McMahon*.[4]   Accordingly, we agree that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a "settlement" and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA.  Accepting as true the well-pleaded facts alleged by Daugherty, and viewing these facts in the light most favorable to her, we conclude that Daugherty's claim is facially plausible.[5]

For these reasons, we REVERSE the district court's grant of Defendants' motion to dismiss and REMAND for further proceedings consistent with this opinion.

---

[4] We note that two district courts in this circuit have already embraced the approach we announce today.  *See Langley v. Northstar Location Servs.*, No. H-16-1351, 2016 WL 4059355 (S.D. Tex. July 28, 2016); *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565 (S.D. Tex. 2015).

[5] Appellees argue that partial payment by Daugherty would not revive her debt under Texas law.  However, whether Texas law governs the revival or reset of the statute of limitations pertinent to the particular debt at issue in this case appears to depend on facts outside of the pleadings and is therefore inappropriate for consideration under Rule 12(b)(6).  In any event, we decline to reach this issue as it is unnecessary to our resolution of this appeal.