# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30251

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

JAMES MILLER; VICTORIA MILLER,

      Plaintiffs–Appellants,

v.

AMERICAN STRATEGIC INSURANCE CORPORATION; LIGGIO
INSURANCE AGENCY, INCORPORATED,

      Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2658

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

James and Victoria Miller (the Millers) appeal the district court's
dismissal of their claims against American Strategic Insurance (American
Strategic) and Liggio Insurance Agency (Liggio).  We affirm.

**I**

The Millers obtained an insurance policy from Liggio that American
Strategic had issued pursuant to the National Flood Insurance Program

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-30251

(NFIP).  The Millers' house was partially built on piers, leaving a "crawlspace" underneath the floor of the home.  While the insurance policy was still in effect, a heavy rain caused flood water to enter a crawlspace beneath the Millers' house, but the water stopped rising before reaching the house's threshold.  The Millers contacted Liggio, which advised the Millers that they had not experienced a flood event.  A few months later, Victoria Miller fell through the floor of her house.  The Millers again contacted Liggio, which advised the Millers that foundation issues were not covered under the policy.  After repairs to the floor were made, the Millers, believing that the damage to the house was "consistent with flood damage," filed a flood-damage claim with American Strategic.  American Strategic sent an adjuster, who, after inspecting the property, prepared a proof of loss for the Millers for post-flood cleaning only.

The Millers did not sign nor submit this proof of loss, and, as a result, American Strategic closed their claim on September 13, 2012.  The Millers submitted a proof of loss a month and a half later in support of their flood-damage claim.  American Strategic acknowledged receipt of this proof of loss but reiterated that the Millers' only covered loss was for cleaning expenses.  American Strategic did not reopen the Millers' claim.  The Millers appealed this determination to the Director of Claims for the NFIP, who upheld American Strategic's determination that the Millers' loss was limited to cleaning expenses.

On September 13, 2013, the Millers filed suit against American Strategic in the Western District of Louisiana.  American Strategic asserted, among other defenses, that the Millers had failed to comply with the policy's proof of loss requirement and moved for summary judgment.  While this motion was pending, the district court, on January 29, 2015, allowed the Millers to amend their complaint to join Liggio as a defendant.  Liggio promptly moved to dismiss for failure to state a claim.  The district court first granted American

No. 16-30251

Strategic's summary judgment motion on the basis that the Millers submitted an inadequate proof of loss and then granted Liggio's motion to dismiss, holding that the applicable peremptive period under Louisiana law barred the Millers' claim.  The Millers moved for a rehearing or new trial regarding American Strategic on the basis that the district court did not address the Millers' equitable estoppel claim that they had raised in their summary judgment briefing.  After the district court denied this motion, the Millers appealed all three decisions.

## II

## A

"We review a grant of summary judgment de novo, applying the same standard that the district court applied."[1]  We will affirm a grant of summary judgment if, construing the facts in the light most favorable to the non-moving party, "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[2]

The Millers have limited their appeal as it pertains to American Strategic to two issues: (1) whether American Strategic violated a purported right conferred by 42 U.S.C. § 4072, and (2) whether equitable estoppel precludes summary judgment.  The Millers, however, did not argue before the district court that America Strategic violated a right conferred by § 4072, and they may not assert it for the first time on appeal.[3]  Accordingly, we limit our review to the second issue presented.

---

[1] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[2] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

[3] *See, e.g.*, *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 539 (5th Cir. 2015).

No. 16-30251

## B

American Strategic issued this insurance policy pursuant to the NFIP, which Congress established "to provide insurance coverage at or below actuarial rates."[4] The NFIP empowers the Federal Emergency Management Agency (FEMA) to issue an insurance policy, called a Standard Flood Insurance Policy (SFIP), either directly or, as here, through private issuers known as "Write Your Own" (WYO) companies, which are statutorily authorized to act as fiscal agents of the United States.[5] FEMA, through regulation, creates the Standard Flood Insurance Policy, which establishes "the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders"[6] and cannot "be altered, varied, or waived without the express written consent of [FEMA's] Federal Insurance Administrator."[7] Because any payment of a claim under a Standard Flood Insurance Policy is "a direct charge on the public treasury,"[8] "[a]n insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim."[9] Notably, the Standard Flood Insurance Policy allows suit only if the claimant has "complied with *all* the requirements of the policy."[10]

---

[4] *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008) (per curiam).

[5] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[6] *Marseilles*, 542 F.3d at 1054 (internal quotation marks omitted) (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)); *see also* 44 C.F.R. § 61.4(b) (stipulating that the Federal Insurance Administrator promulgates "the terms and conditions of the Standard Flood Insurance Policy"); 44 C.F.R. pt. 61 app. A(1) (containing the SFIP).

[7] *Gowland*, 143 F.3d at 953; *accord* 44 C.F.R. § 61.13(d); *see also* 42 U.S.C. § 4129 (noting that the Federal Insurance Administrator is part of FEMA).

[8] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531-32 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Gowland*, 143 F.3d at 955).

[9] *Id.* at 534.

[10] 44 C.F.R. pt. 61 app. A(1) art. VII pt. ¶ R (emphasis added).

4

No. 16-30251

The Millers do not challenge the district court's holding that they provided an inadequate proof of loss. Instead, they argue that American Strategic is estopped from asserting that their proof of loss is inadequate because American Strategic considered the merits of the Millers' proof of loss. Even if we assume that the Millers have presented facts that would estop a private litigant, we are "powerless to uphold a claim of estoppel" against a Write Your Own company "because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution."[11] In fact, we have foreclosed the Millers' argument with even more specificity, holding that "there can be no estoppel of the Proof of Loss requirement."[12]

Because the Millers do not contest that they have not complied with all the requirements of the Standard Flood Insurance Policy, and because we cannot estop American Strategic from asserting the Millers non-compliance with the Standard Flood Insurance Policy as a defense, there is no genuine dispute of material fact, and American Strategic is entitled to judgment as a matter of law.

## III

### A

"We review a district court's grant of a motion to dismiss de novo."[13] We accept the plaintiff's well-pleaded facts and view those facts in the light most favorable to the plaintiff.[14] If the facts alleged do not state a claim that is

---

[11] *Gowland*, 143 F.3d at 955; *see also Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990) ("As for monetary claims, it is enough to say that this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds. In this context there can be no estoppel . . . .").

[12] *Forman v. FEMA*, 138 F.3d 543, 546 (5th Cir. 1998).

[13] *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014)).

[14] *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510 (5th Cir. 2016).

plausible on its face, then dismissal is proper.[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] A statute of limitations defense is an adequate basis for dismissal if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[17]

**B**

The Millers have asserted only a state-law negligence claim against Liggio, a claim which is constrained by a one-year peremptive statute of limitation.[18] The peremptive period expires "within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered."[19] The peremptive period "may not be renounced, interrupted, or suspended,"[20] and "relation back of an amended or supplemental pleading is not allowed."[21] Although the Louisiana Supreme Court has not yet determined what suffices to trigger the peremptive period for a claim against an insurance agent, it has done so for the legal malpractice peremptive period,[22] holding that "the date of discovery is the date the negligence was discovered or should have been discovered by a reasonable person in the plaintiff's position."[23] The

---

[15] *Id.*

[16] *Gearlds v. Entergy Servs., Inc*, 709 F.3d 448, 450 (5th Cir. 2013) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)).

[17] *King–White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

[18] LA. STAT. ANN. § 9:5606.

[19] § 9:5606(A).

[20] § 9:5606(D).

[21] *Udomeh v. Joseph*, 103 So. 3d 343, 348 (La. 2012) (internal quotation marks and alterations omitted) (quoting *Naghi v. Brener*, 17 So. 3d 919, 925 (La. 2009)).

[22] LA. STAT. ANN. § 9:5605.

[23] *Jenkins v. Starns*, 85 So. 3d 612, 621 (La. 2012); *see also Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (noting that in the absence of controlling precedent from a state's highest court, federal courts must "determine . . . how that court

Louisiana court has held that a peremptive period commences "when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action."[24]

The Millers maintain that their claim is timely because they filed the claim against Liggio within one year of discovering that Liggio's actions—its statements that the Millers had not experienced a flood event and that the Standard Flood Insurance Policy did not cover foundation damage or failures— would likely harm them. This discovery, the Millers assert, occurred on September 3, 2014, when American Strategic allegedly "first indicated its position that the Millers' flood claim [was] untimely and that untimeliness is dispositive to the claim."

Nevertheless, the Millers should have known of Liggio's alleged negligence earlier. The Millers admit in their complaint that American Strategic closed their claim on September 13, 2012 *"for failure to provide a proof of loss."*[25] This event demonstrates that the Millers should have known that the untimely provision of a proof of loss could preclude their recovery. The Millers should also have been aware of any cause of action for negligence that it could assert against Liggio for allegedly causing the delay that resulted in the Millers failure to file the proof of loss at that time. Even if the Millers did not comprehend, as they should have, that Liggio might have caused their delayed filing when American Strategic closed their claim, the Millers articulated the facts underlying their cause of action against Liggio in their initial complaint on September 13, 2013. Because it is clear that, at least by this point, a reasonable person would have discovered that Liggio might have

---

would resolve the issue if presented with the same case" (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007))).

[24] *Jenkins*, 85 So. 3d at 621.

[25] The Millers acknowledge in their complaint that their claim "remain[ed] closed" even after filing the proof of loss that the district court held was inadequate.

No. 16-30251

been negligent in giving advice that caused a delayed filing, the peremptive period expired before the Millers initiated suit against Liggio on January 29, 2015. Accordingly, the Millers have failed to assert a plausible claim for relief, and dismissal is appropriate.

*    *    *

For the foregoing reasons, we AFFIRM the district court's judgment.