Virginia A. Phillips, Chief United States District Judge
Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Collection Consultants of California ("Defendant"), (Doc. No. 21), and a Motion to Strike Affirmative Defenses filed by Plaintiff Kelly Woodward ("Plaintiff"), (Doc. No. 23). The Court deems the motions suitable for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in support of and in opposition to the motions, the Court GRANTS Defendant's Motion for Judgment on the Pleadings and DENIES Plaintiff's Motion to Strike Affirmative Defenses as moot.
I. BACKGROUND
Defendant Collection Consultants of California sent Plaintiff Kelly Woodward a debt collection letter seeking to collect on a purportedly outstanding debt owed to Kaiser Permanente of $ 395.08. (Doc. No. 1, ¶ 12; Doc. No. 1-1). The top of the letter in bold, capitalized letters identifies the sender as "Collection Consultants of California, A Debt Collection Agency." (Id. ). Defendant offered in the letter to "resolve[ ] and close[ ]" Plaintiff's account if she paid $ 118.52. (Doc. No. 1-1). The letter continued, "After your payment is received we will notify our client(s) and the Credit Report Agencies ... that your account(s) have been resolved." (Id. ). Plaintiff alleges that collection of the debt was time-barred. (Doc. No. 1, ¶¶ 16-17). Defendant failed to disclose in the letter the age of the debt, the statute of limitations period, or that the debt was time-barred. (Id. at ¶ 15). Defendant further failed to disclose that making a payment on a time-barred debt could revive the statute of limitations. (Id. ).
Plaintiff filed her Complaint on June 26, 2018, bringing the following two claims: (1) violation of the Fair Debt Collection Practices Act and (2) violation of the Rosenthal Fair Debt Collection Practices Act. (Doc. No. 1). Defendant now moves for judgment on the pleadings, arguing notices regarding time-barred debts are not required. (Doc. No. 21, at 3). Plaintiff moves for the Court to strike nine affirmative defenses from Defendant's answer as insufficient. (Doc. No. 23). Defendant filed an amended answer. (Doc. No. 36). Plaintiff did not refile or supplement her motion to strike affirmative defenses after Defendant amended its answer.
*1237 II. LEGAL STANDARD
Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." "Although [ Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ] establishes the standard for deciding a Rule 12(b)(6) motion ... Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and ... 'the same standard of review' applies to motions brought under either rule." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc. , 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011) (quoting Dworkin v. Hustler Magazine Inc. , 867 F.2d 1188, 1192 (9th Cir. 1989) ).
"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. County of Los Angeles , 179 F.3d 698, 699 (9th Cir. 1999). The Court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the responding party. McGlinchy v. Shell Chemical Co. , 845 F.2d 802, 810 (9th Cir. 1988).
III. DISCUSSION
A. The Fair Debt Collection Practices Act
The Fair Debt Collection Practices Act ("FDCPA") was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Gonzales v. Arrow Fin. Services, LLC , 660 F.3d 1055, 1060-61 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e) ). Because the FDCPA "is a remedial statute, it should be construed liberally in favor of the consumer." Clark v. Capital Credit & Collection Servs. Inc. , 460 F.3d 1162, 1176 (9th Cir. 2006).
Specifically, the FDCPA forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or from using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The non-exhaustive list of specifically prohibited activities includes "[t]he false representation of [ ] the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10). Whether conduct violates either section "requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.' " Donohue v. Quick Collect, Inc. , 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting Guerrero v. RJM Acquisitions LLC , 499 F.3d 926, 934 (9th Cir. 2007) ).
Here, Plaintiff claims Defendant's attempt to collect a time-barred debt violated the FDCPA by misleading consumers about the legal status of the debt. (Doc. No. 24, at 9). Defendant argues, however, that absent a threat of litigation, no violation of the FDCPA has occurred if the debt is time-barred but otherwise valid. (Doc. No. 21, at 7).
This issue has not been addressed directly by the Ninth Circuit. The Eighth Circuit requires a time-barred debt collection letter to contain a threat of litigation to be actionable, but most other Circuits *1238 have held that any language in the letter that would mislead an unsophisticated consumer into believing the time-barred debt is legally enforceable, including an offer to settle a debt, is sufficient to state a claim. Compare Freyermuth v. Credit Bureau Servs., Inc. , 248 F.3d 767, 771 (8th Cir. 2001) (holding that a viable FDCPA claim "turn[s] on the threat, or actual filing, of litigation") with Tatis v. Allied Interstate, LLC , 882 F.3d 422, 429 (3d Cir. 2018) (holding that "adding a 'threat of litigation' requirement to all time-barred debt-collection efforts curtails the reach of the Act"), Daugherty v. Convergent Outsourcing, Inc. , 836 F.3d 507, 513 (5th Cir. 2016) ("[A] collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a "settlement" and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."), Buchanan v. Northland Group, Inc. , 776 F.3d 393, 399 (6th Cir. 2015) (holding that an offer to settle a debt, even without a threat of litigation, "falsely implies that the underlying debt is enforceable in court"), McMahon v. LVNV Funding, LLC , 744 F.3d 1010, 1020 (7th Cir. 2014) ("[I]f the debt collector uses language in its [collection] letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation ... the collector has violated the FDCPA."). Accordingly, the Court adopts the view that while an attempt to collect a time-barred debt alone is not a violation of the FDCPA, a threat of litigation is not a required element; rather, a viable claim exists if the letter contains anything that would mislead an unsophisticated consumer into believing the time-barred debt is legally enforceable. See White v. First Step Grp. LLC , No. 2:16-cv-02439-KJM-GGHx, 2017 WL 4181121, at *6 (E.D. Cal. Sept. 20, 2017) (collecting cases), Abels v. JBC Legal Grp., P.C. , 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005).
B. Plaintiff's Fair Debt Collection Practices Act Claim
"In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law." Gonzales v. Arrow Fin. Servs., LLC , 660 F.3d 1055, 1061 (9th Cir. 2011). Accordingly, the Court must decide whether Defendant's letter contains any language that would mislead an unsophisticated consumer into believing the time-barred debt is legally enforceable.
"[W]here the least sophisticated debtor would construe language in a letter as no more than a 'prudential reminder' that a debt is outstanding, the letter does not include an implied threat of litigation." Dupuy v. Weltman, Wienberg & Reis Co. , 442 F. Supp. 2d 822, 826 (N.D. Cal. 2006) (collecting cases). "[A]n effort to seek a voluntary payment by the debtor," without more, does not constitute a threat of litigation. Abels , 428 F. Supp. 2d at 1029 (holding that words such as "suit," "action," "case," or "litigation" may imply litigation but an attempt to collect a time-barred alone is insufficient to support an FDCPA claim).
The collection letter sent by Defendant creates no such impression that the debt is legally enforceable -Defendant made no false representations and did not threaten or imply the possibility of litigation, legal action, or any other legal enforcement. Defendant offered in the letter to "resolve[ ] and close[ ]" Plaintiff's account. (Doc. No. 1-1). It further offered that if Plaintiff did pay the debt, Defendant would inform the Credit Reporting Agencies and its client that the debt had been resolved. (Id. ). Defendant did not use any language that would imply potential suit-like "settle"-and did not make any statements *1239 regarding what would happen if Plaintiff continued to not pay the debt. The least sophisticated debtor would not construe the language in the letter as anything other than a prudential reminder that the debt is outstanding.
Plaintiff argues that Defendant's letter was materially misleading based on the omission of the age of the date. (Doc. No. 24, at 9). Defendant's omission of the age of the debt, by itself, does not rise to the level of creating an impression that the debt is legally enforceable because any debt, like the one here, can be outstanding even though legal enforcement would be time-barred. Abels , 428 F. Supp. 2d at 1029.
Plaintiff also argues that a recent change in California law-requiring disclaimers for time-barred debts-proves that an attempt to collect a time-barred debt is, by its very nature, misleading. (Doc. No. 24, at 9-10). California's new disclosures went into effect after Defendant sent its letter; Plaintiff does not argue that the law should be applied retroactively, but instead contends that the language of the Senate Judiciary Committee Bill Analysis for the new law proves such attempts to collect time-barred debts are misleading. (Id. ). Plaintiff relies on this recent change in vain.
Even if Defendant did violate this provision, such a violation of state-law would not support a claim under the FDCPA. Wade v. Regional Credit Ass'n , 87 F.3d 1098, 1100 (9th Cir. 1996) (holding that even where a collection effort violates state law, it does not violate the FDCPA where there is no threat of litigation). Additionally, although the bill's analysis might demonstrate that some law makers believe collection efforts can be confusing for consumers, the analysis does not prove that an attempt to collect the time-barred debt misleads the consumer into believing the debt is legally enforceable. Accordingly, the least sophisticated debtor would not construe the language in Defendant's letter as indicating the debt is legally enforceable, and Defendant is entitled to judgment on the pleadings as to Plaintiff's FDCPA claim.
C. Plaintiff's Rosenthal Fair Debt Collection Practices Act Claim
A violation of the FDCPA is a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Cal. Civ. Code § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."); see Riggs v. Prober & Raphael , 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations.").
Accordingly, for the same reasons Plaintiff's FDCPA claim fails, her RFDCPA claim also fails, and Defendant is entitled to judgment on the pleadings as to the RFDCPA claim as well.
D. Leave to Amend
In deciding a motion for judgment on the pleadings, the Court has discretion to dismiss the action with leave to amend. Lonberg v. City of Riverside , 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court can deny leave "where the amendment would be futile ... or where the amended complaint would be subject to dismissal."
*1240 Saul v. United States , 928 F.2d 829, 843 (9th Cir.1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc. , 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
Plaintiff requests leave to amend so that she may state a claim that Defendant's collection attempt did not include the language of 15 U.S.C. § 1692e(11). (Doc. No. 24, at 12). Section 1692e(11) reads:
The failure to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector ....
Defendant's identity as a debt collector, however, is in no way concealed in the letter. The least sophisticated debtor would understand "Collection Consultants of California, A Debt Collection Agency," as printed at the top of the letter in bold, capitalized letters, is a debt collector. (Doc. No. 1-1). Accordingly, leave to amend is denied because any amendment would be futile. Denying leave is further appropriate in this case because violations of the FDCPA are a matter of law, Gonzales , 660 F.3d at 1061, and the letter in question is attached in full to Plaintiff's Complaint.
IV. CONCLUSION
The Court therefore GRANTS Defendant's Motion for Judgment on the Pleadings and DENIES Plaintiff's Motion to Strike Affirmative Defenses as moot.[1]
IT IS SO ORDERED.

Plaintiff's Motion is further mooted by the fact that Defendant has filed an amended answer that resolved the complained-of defects.