# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2023

Lyle W. Cayce
Clerk

No. 22-30570

David W. Acosta; Misty C. Acosta; Fabian Brimmer; Geroy Brimmer; Gary T. Brock; Gwendolyn Brock; Jennifer Brock; Jessica Campbell; Monica Campbell; Brenda B. Champange; Michael Connerly; Catina Dennis; Kevin Esler; Kim M. Esler; Meisha A. Fisher; James Harvey; Cabrina Jefferson; Evelina Jefferson; Robert Lusco; Wendell Octave, Sr.; Emile L. Perilloux, Jr.; Shelia M. Stewart; Darren Vitrano,

*Plaintiffs—Appellants*,

*versus*

Denka Performance Elastomer, L.L.C.; E. I. Du Pont De Nemours and Company; Dupont Performance Elastomers, L.L.C., *formerly known as* DuPont Dow Elastomers, L.L.C.; Department of Environmental Quality State of Louisiana,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2323

Before Elrod, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

"In this toxic tort case, it's déjà vu all over again." *Acosta v. Denka Performance Elastomer, LLC*, 2021 WL 493391, at *1 (E.D. La. Feb. 10, 2021). This appeal involves the same defendants and virtually identical alleged injuries as *Butler v. Denka Performance Elastomer, LLC*—another toxic tort case that has been before the Fifth Circuit three times in the last three years. Unsurprisingly, Plaintiffs' claims in this case are deficient for the same reason as those in *Butler*: Plaintiffs never allege a legally cognizable duty.

I.

We recently articulated the facts and posture of this case. *See Acosta v. Denka Performance Elastomer, LLC*, 2022 WL 1091534 (5th Cir. Apr. 12, 2022). So we reprise them here only briefly.

In 2020, twenty-three residents of St. John the Baptist Parish, Louisiana filed suit in Louisiana state court. Plaintiffs allege that neoprene production at the Pontchartrain Works Facility ("PWF") exposed them to unsafe levels of chloroprene and other hazardous air pollutants. Plaintiffs initially named a variety of defendants, but only two remain: (1) E. I. du Pont de Nemours & Co. and DuPont Performance Elastomers, LLC ("DuPont"), which owned and operated PWF from 1969 to 2015; and (2) Denka Performance Elastomer, LLC ("Denka"), which purchased PWF from DuPont in 2015.

Defendants timely removed to federal court. *See* 28 U.S.C. §§ 1332, 1441(b). The district court dismissed the claims against DuPont as time-barred and dismissed those against Denka for failure to state a claim. *Acosta*, 2021 WL 493391. Plaintiffs appealed. While the appeal was pending, we decided the first two appeals arising from *Butler v. Denka Performance Elastomer, LLC*—a case filed against the same Defendants, alleging "nearly

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

identical claims involving chloroprene exposure from the PWF." *Acosta v. Denka Performance Elastomer, LLC*, 2022 WL 3214418, at *1 (E.D. La. Aug. 9, 2022). And in the first two *Butler* appeals, we held that almost all of plaintiffs' claims must be dismissed. *See Butler v. Denka Performance Elastomer, LLC*, 806 F. App'x 271 (5th Cir. 2020) (*Butler I*) (per curiam); *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427 (5th Cir. 2021) (*Butler II*) (reversing district court's holding that claims against DuPont were time-barred, but affirming dismissal of all claims against Denka for failure to state a claim).

Accordingly, in the first *Acosta* appeal, we "VACATE[ED] in part and REMAND[ED] to the district court to determine, in the first instance, the effect of *Butler [II]* on the present case." *Acosta v. Denka Performance Elastomer, LLC*, 2022 WL 1091534, at *1 (5th Cir. Apr. 12, 2022). Because Plaintiffs abandoned most of their claims by not addressing them in their appellate briefing, we also clarified that the only remaining claims for the district court to address were "Plaintiffs' claims for: negligence in violation of Louisiana Civil Code Articles 2315 and 2316; custodial liability in violation of Louisiana Civil Code Articles 2317 and 2317.1; and injunctive relief." *Id.* at *4 n.3. After our decision in the first *Acosta* appeal, we decided the third *Butler* appeal, affirming the dismissal of everything else the plaintiffs alleged. *See Butler v. E. I. DuPont de Nemours & Co.*, 2022 WL 5059893 (5th Cir. Oct. 4, 2022) (*Butler III*) (per curiam) (dismissing remainder of claims against DuPont for failure to state a claim).

On remand, the district court dismissed all remaining claims for the same reason articulated in *Butler II* and *III*: Plaintiffs failed to state a specific standard of care under Louisiana law and thus failed to identify any legally cognizable duty that DuPont or Denka breached. *Acosta*, 2022 WL 3214418.

Plaintiffs appealed. Our jurisdiction is proper under 28 U.S.C. § 1291. And we review *de novo* the district court's grant of the motions to dismiss. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510 (5th Cir. 2016).

## II.

Of the sundry claims alleged in Plaintiffs' complaint, three remain: negligence, custodial liability, and injunctive relief. *Acosta*, 2022 WL 1091534, at *4 n.3. But as the district court correctly held, none survives DuPont's and Denka's motions to dismiss. That is because all three claims suffer from the same flaw that doomed the functionally identical allegations in *Butler*. Namely, Louisiana law requires tort plaintiffs to assert that defendants violated a *specific* legal duty, yet Plaintiffs only invoke *generalized* notions of reasonableness.

Start with negligence. Just as in *Butler*, "[Plaintiffs] assert[] that [Defendants] unreasonably emit[ted] dangerous chloroprene concentrations in violation of Louisiana Civil Code Articles 2315 and 2316." *Butler II*, 16 F.4th at 443. In relevant part, Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315(A). And Article 2316 adds, "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." *Id.* art. 2316.

Qualifying these general pronouncements of fault and liability, the Supreme Court of Louisiana requires that tort plaintiffs prove "the defendant had a duty to conform his conduct to a *specific* standard." *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006) (emphasis added). To determine whether a plaintiff has alleged a sufficiently specific, legally enforceable standard, we must ask "whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Id.*; *see also Bd. of*

*Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 850 F.3d 714, 726 (5th Cir. 2017) (explaining that the relevant duty must "intend[] to protect *this plaintiff* from *this type of harm* arising in *this manner*" (quoting *Roberts v. Benoit*, 605 So. 2d 1032, 1044–45 (La. 1991))).

Rather than identify a specific duty, Plaintiffs simply (re)assert a generalized duty of "reasonable care" and challenge the district court's understanding of Louisiana law. *See Acosta*, 2022 WL 3214418, at *4–5 ("In none of these many allegations of duty do Plaintiffs identify a particular state or federal statute, state or federal rule, or even common-law standard of care beyond the general standard of reasonableness."). In Plaintiffs' words: "[C]ontrolling jurisprudence from the Louisiana Supreme Court contradicts the district court's holding that Appellants were required to assert a 'specific' standard of care in order to sufficiently allege a duty owed by Denka and/or Dupont."

Not so. In *Butler II*, we said in no uncertain terms that "[Plaintiffs'] retreat to generalized grievances is unavailing. While Louisiana law does impose a 'universal duty' on defendants in a negligence action to use 'reasonable care,' plaintiffs are still required to assert a 'specific standard' of care." *Butler II,* 16 F.4th at 444–45 (quoting *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1086 (La. 2009)); *see also Butler III,* 2022 WL 5059893, at *2, *4 (reaffirming that Articles 2315 and 2316 do not define a sufficiently specific duty and thus cannot sustain Plaintiffs' negligence claim). We even addressed and distinguished the very cases that Plaintiffs' counsel cites. *See Butler II*, 16 F.4th at 445 n.25 ("Even the case Butler principally relies on defines with specificity the relevant duty . . . . So too for each of the cases Butler cites."); *Butler III*, 2022 WL 5059893, at *2 ("Butler . . . points us again to many of the very same cases (for the very same propositions) that we already found wanting in our previous review."). Because Plaintiffs fail to

No. 22-30570

allege *any* standard of care beyond generalized notions of reasonableness, *Butler* compels dismissal of their negligence claims.

Second, custodial (or "strict") liability. Here, as in *Butler*, Plaintiffs (re)assert that Defendants are and were "the owner[s] or custodian[s] of a defective thing—the neoprene manufacturing equipment [and other related components of the PWF]—in violation of Louisiana Civil Code Articles 2317 and 2317.1." *Butler II*, 16 F.4th at 443. In relevant part, Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." LA. CIV. CODE art. 2317. And article 2317.1 adds that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." *Id.* art. 2317.1.

"[Plaintiffs'] custodial liability claims against [Defendants] fail for the same reason as [their] [negligence] claims against [Defendants]: a failure to state a plausible duty and corresponding breach." *Butler II*, 16 F.4th at 442 (citing *Socorro v. City of New Orleans*, 579 So. 2d 931, 937 (La. 1991)). Indeed, we explained in *Butler II* (and reaffirmed in *Butler III*) that plaintiffs asserting custodial/strict liability must plausibly allege a specific standard of care—just as is required for ordinary negligence claims. *Butler II*, 16 F.4th at 443 ("[A] claim for 'strict' liability requires that a duty of care was breached, just as a negligence claim does."); *accord Butler III*, 2022 WL 5059893, at *2; *Tenn. Gas*, 850 F.3d at 726.

Instead of identifying a specific duty, Plaintiffs try to sidestep this requirement. They argue that even if the current version of Article 2317

requires a showing of some specific standard of care, the pre-1996 version (allegedly applicable to DuPont) did not. That argument is also squarely foreclosed. We have held that the *only* meaningful difference between pre- and post-1996 custodial/strict liability claims is "that recovery on a theory of strict liability before 1996 did not require that the defendant had knowledge of its breach of duty." *Tenn. Gas*, 850 F.3d at 729; *see also Oster v. Dep't of Transp. & Dev.*, 582 So. 2d 1285, 1288 (La. 1991); *Dupree v. City of New Orleans*, 765 So. 2d 1002, 1007 n.5 (La. 2000). Accordingly, plaintiffs asserting pre-1996 custodial/strict liability claims must also allege a specific standard of care. Thus, "by failing to allege any specific duty that has been violated, [Plaintiffs] fail[] to state a plausible [custodial/strict liability] claim." *Butler II*, 16 F.4th at 445 n.26.

Finally, injunctive relief. Plaintiffs initially sought an injunction "barring Denka from causing or allowing unreasonably dangerous emissions, from the PWF, of chloroprene or other [hazardous air pollutants]." Plaintiffs abandoned this claim on appeal, however, by failing to mention it in their brief. *Cantú v. Moody*, 933 F.3d 414, 418–19 (5th Cir. 2019) (claims not briefed are forfeited).

AFFIRMED.