# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

—————————

No. 25-30473

—————————

Joelson Dumas,

*Plaintiff—Appellant*,

*versus*

Transfinancial Companies, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-911

———————————————————————

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Joelson Dumas sued Transfinancial Companies, L.L.C., for violating the Fair Debt Collection Practices Act (FDCPA). Because Dumas' brief fails to address his only live claim, we affirm summary judgment for Transfinancial.

Dumas discovered two debts on his credit report. He mailed a letter to the debt collection company, Transfinancial, refusing to pay the debts and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

instructing Transfinancial not to contact him about the debts. Transfinancial received the letter on May 24, 2024, and noted on Dumas' account not to contact him. On June 4, Transfinancial received two letters from Dumas disputing the debts and instructing Transfinancial to conduct an investigation. On June 7 and 25, Transfinancial sent Dumas two letters "solely for the purpose of responding to [his] dispute," stating that it investigated the debts, determined that they are valid, and would continue collection efforts. It further stated: "If you have requested that Transfinancial stop contacting you, this will be the final communication that you receive from Transfinancial unless you send Transfinancial subsequent communication that requires a response."

Dumas sued Transfinancial for violating the FDCPA, 15 U.S.C. §§ 1692–1692p. His complaint alleged that Transfinancial's June 7 and 25 letters violated 15 U.S.C. § 1692c(c) because it "continued collection efforts" after "receiving written communication from [Dumas] to cease communications regarding the subject debt." Transfinancial moved for summary judgment. Dumas responded, asserting for the first time that Transfinancial's June 7 and 25 letters violated 15 U.S.C. § 1692g(b). The district court granted summary judgment and dismissed Dumas' claim. The court found that no claim under § 1692g(b) was before it and that Transfinancial did not violate § 1692c(c) because Dumas requested that Transfinancial verify the debts, thus waiving his cease-communication directive. Dumas appealed.

The FDCPA protects consumers from certain abusive, deceptive, and unfair debt collection practices. 15 U.S.C. § 1692; *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 374 n.1 (2013). Because Congress "intended the FDCPA to have a broad remedial scope," it should "be construed broadly and in favor of the consumer." *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 683

(5th Cir. 2020) (quoting *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016)).

Two FDCPA provisions are relevant.

First, 15 U.S.C. § 1692c(c) generally prohibits a debt collector from communicating with a consumer who directs the debt collector to cease communications. The debt collector may only communicate with the consumer

> (1) to advise the consumer that the debt collector's further efforts are being terminated;

> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

Second, under 15 U.S.C. § 1692g(b), if a consumer disputes a debt with the debt collector, the debt collector must "cease collection of the debt" until the debt collector verifies the debt and mails verification to the consumer. *Id.* § 1692g(b).

A potential conflict arises when a consumer directs a debt collector to cease communications and—within short succession—disputes the debt. That happened here. On May 24, Transfinancial received Dumas' cease-communications directive. Then on June 4, Transfinancial received two letters from Dumas disputing the debts. In this scenario, must a debt collector follow § 1692c(c)'s mandate to cease communications with the consumer? Or, under § 1692g(b), may the debt collector send the consumer a debt verification letter to continue its collection efforts? Some courts have

3

found that a consumer may waive his cease-communications directive by disputing a debt. *See, e.g.*, *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1170–71 (9th Cir. 2006). In those instances, a debt collector's verification letter may not violate § 1692c(c). *See id.* at 1171.

Our circuit does not appear to have addressed whether a debt collector violates the FDCPA by sending a consumer a verification letter after the consumer directed the debt collector to cease communications. But we do not have occasion to address this issue today because Dumas forfeited his only live claim by failing to address it in his briefing.

As the district court correctly noted, Dumas' complaint stated a claim under § 1692c(c) for Transfinancial allegedly violating the cease-communications directive, not under § 1692g(b) for continuing collection efforts. Yet Dumas' briefing solely argues that Transfinancial violated § 1692g(b) by continuing collection efforts. Dumas does not argue that the district court erred in finding that no claim under § 1692g(b) was before it; he merely recycles the same arguments the district court already rejected. Because Dumas fails to address his only live claim, any argument that the district court erred in granting summary judgment on his § 1692c(c) claim is forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (party forfeits an argument "by failing to adequately brief the argument on appeal").

AFFIRMED.