[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16511

_____

D.C. Docket No. 9:16-cv-80643-RLR

STEPHEN HOLZMAN,

Plaintiff-Appellant,

versus

MALCOLM S. GERALD & ASSOCIATES, INC.,
LVNV FUNDING, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2019)

Before TJOFLAT, JULIE CARNES, Circuit Judges, and KAPLAN,[*] District Judge.

JULIE CARNES, Circuit Judge:

Plaintiff asserts claims under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("Florida Act"), Florida Statute § 559.55 *et seq.*, arising from an attempt by Defendants to collect on Plaintiff's time-barred consumer debt. As to his federal claims, Plaintiff alleges in his complaint that (1) a collection letter he received from Defendants in connection with the debt was "false, deceptive, or misleading" in violation of § 1692e of the FDCPA and (2) the general practice of attempting to collect on time-barred consumer debts is "unfair or unconscionable" in violation of § 1692f of the FDCPA. As to the claim under Florida law, Plaintiff contends that by sending the collection letter, Defendants violated the Florida Act's prohibition against asserting a legal right that is known not to exist.

Defendants filed a motion to dismiss Plaintiff's FDCPA claims pursuant to Federal Rule 12(b)(6). The district court granted the motion, agreeing with Defendants that their collection efforts did not violate either § 1692e or § 1692f of that statute. Having dismissed Plaintiff's federal claims, the court declined to exercise jurisdiction over Plaintiff's Florida Act claims. After a careful review of

---

[*] Honorable Lewis A. Kaplan, Senior United States District Judge for the Southern District of New York, sitting by designation.

the record, and with the benefit of oral argument, we **REVERSE** the district court's order dismissing Plaintiff's claim under § 1692e of the FDCPA, but **AFFIRM** the court's order dismissing Plaintiff's claim under § 1692f of that same statute.  Given our ruling on Plaintiff's § 1692e FDCPA claim, we reinstate Plaintiff's Florida Act claim and **REMAND** the case to the district court for further proceedings consistent with this opinion.

## BACKGROUND

Defendant LVNV Funding, LLC ("LVNV") is a debt collector that purchases and attempts to collect on time-barred debts.  In 2015, LVNV purchased such a debt, which had been incurred by Plaintiff on a personal credit card years prior and had subsequently been charged off by the original creditor in 2007.  LVNV retained Defendant Malcolm Gerald & Associates ("Malcolm") to collect the debt on LVNV's behalf.  Like LVNV, Malcolm is a debt collector for purposes of the federal and state statutes at issue in this litigation.

In connection with its collection efforts, Malcolm sent Plaintiff a collection letter that reads, in relevant part:

> Original Creditor:  HSBC BANK NEVADA, N.A.
>
> BALANCE DUE:  $869.51
>
> Charge Off Date:  07/31/2007
>
> **Balance Itemization**

3

Principal Balance:  $615.41

Interest Balance:  $254.10

Please be advised that LVNV FUNDING LLC, the Current Creditor-Debt Purchaser has purchased the account referenced above.  LVNV FUNDING LLC has placed your account with us for collection.

Malcolm S. Gerald and Associates wants to help you resolve your delinquent account with LVNV FUNDING LLC.  We would like to offer you a balance reduction to 30% of the balance due listed above.  We will be able to accept $260.85 as a reduced payment in full on your account.  To take advantage of this offer, the reduced amount listed must be received in our office no later than 05/31/2015.  We are not obligated to renew this offer.

This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for this purpose.

Make check payable to:  Malcolm S. Gerald and Associates, Inc. If you would like to pay online, you may do so at https://msgpayments.com

After receiving this collection letter, Plaintiff filed a putative class action complaint against Defendants asserting federal claims under the FDCPA, 15 U.S.C. § 1692 *et seq.*, and its state corollary, the Florida Consumer Collection Practices Act, Florida Statute § 559.55 *et seq.*  In support of his FDCPA claims, Plaintiff alleged that (1) the letter was "false, deceptive, or misleading" in violation of § 1692e of the FDCPA because it could lead a consumer to believe that there were legal consequences to not making the requested payment when, in fact, the

4

statute of limitations barred legal enforcement of the debt and (2) attempting to collect on Plaintiff's time-barred debt via the letter constituted an "unfair or unconscionable" practice in violation of § 1692f of the FDCPA.  Plaintiff further alleged that the letter violated the Florida Act because it falsely asserted a legal right that Defendants knew did not exist.

Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule 12(b)(6).  In an oral ruling and following a hearing on the motion, the district court dismissed Plaintiff's FDCPA claims with prejudice.  In support of its ruling, the court cited *Freyermuth v. Credit Bureau Services*, *Inc.*, 248 F.3d 767 (8th Cir. 2001), *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3d Cir. 2011), and *Ehrich v. Convergent Outsourcing*, *Inc.*, 2015 WL 6470453 (S.D. Fla. Oct. 28, 2015) for the legal principle that:  "the FDCPA permits debt collector[s] to see[k] voluntary repayment of . . . time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."  The court determined that the letter Plaintiff received did not contain any language that could be interpreted as initiating or threatening legal action.  Thus, accepting the legal principle announced in *Freyermuth*, *Huertas*, and *Ehrich*, the court concluded that Plaintiff's allegations did not assert a plausible violation of the FDCPA.

In so ruling, the district court distinguished *Daugherty v. Convergent Outsourcing*, *Inc.*, 836 F.3d 507 (5th Cir. 2016), *Buchanan v. Northland Group.*,

5

*Inc.*, 776 F.3d 393 (6th Cir. 2015), and *McMahon v. LVNV Funding, LLC*, 744

F.3d 1010 (7th Cir. 2014), in which the Fifth, Sixth, and Seventh Circuits,

respectively, held that a collection letter offering to "settle" a time-barred debt, but

not threatening litigation, could nonetheless serve as the basis for an FDCPA

claim.  The district court noted that the collection letter Plaintiff received offered to

"resolve" his time-barred debt, not "settle" it.  According to the court, the "settle"

language used in the letters at issue in *Daugherty*, *Buchanan*, and *McMahon* was

more akin to a threat of legal action than the "resolve" language used in the letter

Plaintiff received.  Consequently, the court determined that Plaintiff could not state

a viable FDCPA claim under the rationale of *Daugherty*, *Buchanan*, or *McMahon*.

Having dismissed Plaintiff's FDCPA claims, the district court declined to

exercise pendant jurisdiction over Plaintiff's Florida Act claim.  The court thus

dismissed this claim without prejudice.

Plaintiff appeals the dismissal of his FDCPA and Florida Act claims.  As

noted, Plaintiff argues that he has presented a plausible claim that the collection

letter he received from Defendants was "false, deceptive, or misleading" in

violation of § 1692e of the FDCPA, given that the debt referenced in the letter was

legally unenforceable.  In addition, Plaintiff argues that the general practice of

attempting to collect time-barred consumer debts is *per se* "unfair or

unconscionable" in violation of § 1692f of the FDCPA.  Assuming his federal

6

claims are revived pursuant to either argument, Plaintiff asserts that his state claim should be reinstated and addressed on the merits.

## DISCUSSION

### I.    Standard of Review

We review the decision to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) *de novo*, applying the same standard as the district court. *See West v. Warden*, *Comm'r*, *Ala. Dep't of Corr.*, 869 F.3d 1289, 1296 (11th Cir. 2017). In conducting our review, we accept the allegations in Plaintiff's complaint as true and we construe the facts in the light most favorable to his claims. *See id.* Viewing the complaint in that manner, the relevant inquiry is whether Plaintiff has stated a "plausible claim for relief" under the FDCPA. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If he has, then the district court's order dismissing Plaintiff's FDCPA claims must be reversed and the Florida Act claim must be reinstated. *See id.*; 28 U.S.C. § 1367(a) (granting district courts supplemental jurisdiction over all claims that are "so related to claims in the action within [the] original jurisdiction [of the court] that they form part of the same case or controversy under Article III").

### II.    Plaintiff's FDCPA Claims

The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*,

758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)).  To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act.  *See id.* at 1258.  Assuming Plaintiff's allegations are true, Defendants qualify as debt collectors for purposes of the FDCPA and are thus subject to the Act's regulations.  *See* 15 U.S.C. § 1692a(6) (defining "debt collector" to include "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

    As noted, Plaintiff alleges (1) that the collection letter he received from Defendants was "false, deceptive, or misleading" in violation of § 1692e of the FDCPA and (2) that attempting to collect on Plaintiff's time-barred debt via the letter constituted an "unfair or unconscionable" debt collection practice in violation of § 1692f the FDCPA.  The relevant inquiry at this stage of the litigation is whether Plaintiff has alleged a plausible violation of either provision.  *See Iqbal*, 556 U.S. at 679.  To determine whether that is so, we apply the "least-sophisticated consumer" standard.  *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the

8

FDCPA).  Under that standard, a debt collector violates § 1692e by making a representation in a collection letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter.  *See id.* at 1193–95.  Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice.  *See id.* at 1201.

The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd."  *Id.* at 1194 (internal quotation marks omitted).  As such, the "least-sophisticated consumer" is presumed to have only a "rudimentary amount of information about the world."  *Id.*  Nevertheless, it is assumed that the least-sophisticated consumer will be "willing[] to read a collection notice with some care."  *LeBlanc*, 601 F.3d at 1194 (internal quotation marks omitted).  Moreover, the least-sophisticated consumer standard "has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness."  *Id.* (internal quotation marks omitted).  Finally, whether a representation made in a collection letter would be deceptive or misleading to the least-sophisticated consumer, or a collection practice would be unfair or unconscionable when applied to the least-sophisticated consumer, generally is a question of fact to be decided by a jury.  *See id.* at 1195, 1201.

**A.    The collection letter Plaintiff received plausibly could be misleading or deceptive to the "least sophisticated consumer" in violation of § 1692e.**

Section 1692e of the FDCPA states that:  "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  It then provides a non-exhaustive list of specific conduct that is prohibited, including:  (1) falsely representing "the character, amount, or legal status of any debt" and (2) threatening "any action that cannot legally be taken or that is not intended to be taken."  *Id.* § 1692e(2)(A), (5).  There is no question that these provisions prohibit a debt collector from suing or threatening to sue on a time-barred debt, and federal courts have uniformly so held.  *See Crawford*, 758 F.3d at 1259 (collecting cases).  The question presented by this case asks more specifically:  to what extent does the above prohibition extend beyond a threat to sue on a time-barred debt and encompass a potentially—albeit more subtly—misleading offer to "resolve" such a debt when there is no accompanying disclosure that the debt is time-barred.

This Court has not ruled on the above issue, and the appellate courts that have done so have taken different approaches.  In a case factually similar to this one, the Third Circuit suggested that a threat of litigation is necessary to state a claim under § 1692e.  *See Huertas*, 641 F.3d at 33.  The plaintiff in *Huertas* had received a collection letter notifying him that his defaulted debt had been

10

reassigned and requesting him to call the debt collector to "resolve this issue." *See id.* Although the letter did not make any overtly false representations, the plaintiff argued that it was misleading as to the legal enforceability of the referenced debt, thus violating § 1692e of the FDCPA. *See id.* at 32–33. The *Huertas* Court dismissed Plaintiff's § 1692e claim, noting that the FDCPA generally permits a debt collector to seek voluntary repayment of a time-barred debt so long as it does not threaten legal action and concluding that "[e]ven the least sophisticated consumer would not understand" the letter to "threaten litigation." *Id.* at 33. The Eighth Circuit similarly has indicated that a threat to sue is necessary to establish a violation of § 1692e in this scenario. *See Freyermuth*, 248 F.3d at 771 ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.").

In contrast to *Huertas* and *Freyermuth*, the Fifth, Sixth, and Seventh Circuits disagree that a collection letter referencing a time-barred debt cannot violate the FDCPA absent an express threat of litigation. *See Daugherty*, 836 F.3d at 509; *Buchanan*, 776 F.3d at 399–400; *McMahon*, 744 F.3d at 1020. In each of these cases, a debt collector sent a letter offering to "settle" the debtor's account for a percentage of the total balance. Although technically accurate in every other respect, each of these collection letters failed to disclose that the referenced debt

11

was, in fact, time-barred and thus legally unenforceable. Contrary to the result reached in *Huertas* and *Freyermuth*, the appellate courts in *Daugherty*, *Buchanan*, and *McMahon* held that the debtors had stated a claim under § 1692e of the FDCPA because an offer to "settle" a time-barred debt, without an accompanying disclosure that the debt is judicially unenforceable, plausibly could mislead an unsophisticated consumer as to the legal unenforceability of the debt. *See Daugherty*, 836 F.3d at 511; *Buchanan*, 776 F.3d at 398–400; *McMahon*, 744 F.3d at 1020–21.

In reaching this conclusion, the courts in *Daugherty*, *Buchanan*, and *McMahon* recognized that, as a general matter, a creditor can seek voluntary payment of a time-barred debt. *See Daugherty*, 836 F.3d at 509 (observing that "it is not automatically unlawful for a debt collector to seek payment of a time-barred debt"); *Buchanan*, 776 F.3d at 397 ("There . . . is nothing wrong with informing debtors that a debt remains unpaid or . . . allowing them to satisfy the debt at a discount."); *McMahon*, 744 F.3d at 1020 ("[S]ome people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished."). Nevertheless, a right to seek repayment does not confer a right to mislead. And each of these courts held that a collection letter offering to "settle" a time-barred debt could give rise to a claim under § 1692e of the FDCPA, even in the absence of an express threat of litigation. *See Daugherty*, 836 F.3d at 511;

12

*Buchanan*, 776 F.3d at 399–400; *McMahon*, 744 F.3d at 1020.  Their reasoning is

summed up by the Fifth Circuit's statement in *Daugherty* that:

> While it is not automatically unlawful for a debt collector to seek
> payment of a time-barred debt, a collection letter violates the FDCPA
> when its statements could mislead an unsophisticated consumer to
> believe that her time-barred debt is legally enforceable, regardless of
> whether litigation is threatened.

*Daugherty*, 836 F.3d at 509.

Further, notwithstanding its prior decision in *Huertas*, the Third Circuit

recently has adopted the rationale of *Daugherty*, *Buchanan*, and *McMahon*.  *See*

*Tatis v. Allied Interstate*, *LLC*, 882 F.3d 422, 428–30 (3d Cir. 2018).  The plaintiff

in *Tatis* asserted a claim under § 1692e of the FDCPA based on a letter she

received from a debt collector offering to settle a time-barred consumer debt, but

failing to disclose that the debt was legally unenforceable.  *See id.* at 425.  Relying

primarily on *Huertas*, the district court dismissed the claim pursuant to Rule

12(b)(6) because the letter did not include a threat of legal action.  *See id.* at 426.

Reversing and ruling based on the reasoning set forth in *Daugherty*, *Buchanan*, and

*McMahon*, the Third Circuit held that a collection letter "may run afoul of the

FDCPA by misleading or deceiving debtors into believing they have a legal

obligation to repay time-barred debts even when the letters do not threaten legal

action." *Id.* at 428.  Explaining its implicit disavowal of *Huertas*, the *Tatis* court

stated:

13

> *Huertas* stands for the proposition that debt collectors do not violate [the specific prohibition found in] 15 U.S.C. § 1692e(2)(A) when they seek voluntary repayment of stale debts, so long as they do not threaten or take legal action. But the FDCPA sweeps far more broadly than the specific provision found in § 1692e(2)(A). It prohibits "*any* false, deceptive, *or misleading representation*" associated with debt-collection practices.

*Id.* (emphasis in original). As to the FDCPA's general prohibition of any false, deceptive, or misleading representation, *Tatis* held that the plaintiff had established a plausible violation by pleading that she had received a collection letter offering to settle her debt but failing to disclose that this time-barred debt was legally unenforceable. *Tatis*, 882 F.3d at 430.

We are persuaded by the reasoning of *Daugherty*, *Buchanan*, and *McMahon*—and, most recently, *Tatis*. We likewise conclude that with regard to a collection letter seeking payment on a time-barred debt, an express threat of litigation is not required to state a claim for relief under § 1692e so long as one can reasonably infer an implicit threat. This holding finds support both in the plain language of § 1692e and in a common-sense application of the least-sophisticated consumer standard in the Rule 12(b)(6) context. *See Tatis*, 882 F.3d at 429 (observing that "[c]ommon sense, our case law, and traditional tools of statutory interpretation foreclose" a construction of the FDCPA to "require a threat of legal action" under these circumstances). As quoted above, § 1692e specifically prohibits a debt collector not only from threatening to take any action "that cannot

14

legally be taken" (i.e., threatening litigation on a time-barred debt) but also from misrepresenting the "legal status" of a debt.  15 U.S.C. § 1692e(2)(A), (5).  More broadly, § 1692e prohibits a debt collector from making "*any* false, deceptive, or misleading representation" in a collection letter.  *Id.* § 1692e (emphasis added).

In their motion to dismiss under Rule 12(b)(6), Defendants argue that, as a matter of law, the particular representation at issue in the collection letter would not mislead or deceive an unsophisticated consumer as to the legal status of, or the legal ramifications of non-payment on, a time-barred debt.  In examining this argument in a motion to dismiss context, the question is whether it is *plausible* that a reasonable jury could find that this representation would so mislead an unsophisticated consumer.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)); *LeBlanc*, 601 F.3d at 1195–97 (a court may decide this question as a matter of law only if there is no basis for a reasonable jury to conclude that a consumer would be deceived or misled).  The language of the present collection letter contains an offer to "resolve" a time-barred debt, combined with a deadline to accept the reduced-payment offer and a warning that the offer might not be renewed if payment is not timely made.  We conclude that this language, taken in

15

its entirety, could plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an express threat of litigation.

Further, we are not persuaded that this case is materially distinguishable from *Daugherty*, *Buchanan*, and *McMahon* merely because the letter Plaintiff received offers to "resolve" the referenced time-barred debt rather than "settle" it. Despite the slight semantic difference, it still is plausible that the letter Plaintiff received would leave an unsophisticated consumer with the same general—and inaccurate—impression as did the letters at issue in *Daugherty*, *McMahon*, and *Buchanan*. That is, by urging the debtor to "take advantage" of the offer, the letter might have caused an unsophisticated consumer to mistakenly believe that the debt was legally enforceable and that he had something to gain by accepting the offer, or to lose by declining it. In fact, the letter reinforces this impression by announcing a deadline, thus creating some urgency for the debtor to accept the offered terms by making payment. In this regard, the letter states that payment "must be received in our office no later than 5/31/2015" and that Defendants are "not obligated to renew" the offer. As Plaintiff points out, an unsophisticated reader might conclude from this language that he is being presented with an ultimatum, and that failure to make payment within the required time frame would result in negative consequences, such as legal action.

16

Finally, we disagree that our holding in this case will require debt collectors to give legal advice to debtors, as Defendants argue. Essentially, Defendants argue that by permitting Plaintiff's case to go beyond the pleading stage, we put debt collectors in the untenable position of having to analyze and advise debtors as to the merits of any potential statute of limitations defense. Whether or not that concern might be valid in some situations, the suggestion that Defendants would have had to conduct any legal analysis to determine whether the debt in this case was time-barred seems a bit disingenuous. After all, Defendants were aware of the status of Plaintiff's debt when they purchased it, presumably at a heavily discounted price that accounted for the fact that its legal enforcement is barred by the statute of limitations. But in any event, the court in *Buchanan* specifically and adequately addressed the concern raised by Defendants, explaining that:

> [I]f a debt collector is unsure about the applicable statute of limitations, it would be easy to include general language about that possibility, correcting any possible misimpression by unsophisticated consumers without venturing into the realm of legal advice.

*Buchanan*, 776 F.3d at 400 (internal quotation marks and citation omitted). And in fact, Defendant LVNV has, subsequent to the letter it sent to Plaintiff in this case, incorporated such language into its collection letters. *See Shields v. J.C. Christensen & Assoc., Inc.*, 2017 WL 1106085, at *1 (S.D. Ind. Mar. 24, 2017) (quoting the following language from a recent LVNV collection letter: "The law limits how long you can be sued on a debt. Because of the age of your debt,

17

LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." (internal quotation marks omitted)).

In short, it is at least plausible that the collection letter Defendants sent to Plaintiff would have been "false, deceptive, or misleading" to the "least sophisticated" recipient of the letter, in violation of § 1692e of the FDCPA.  As Plaintiff has thus stated a claim for relief under § 1692e of the FDCPA, the district court's order dismissing Plaintiff's § 1692e claim pursuant to Rule 12(b)(6) is **REVERSED**.

> **B.    Attempting to collect on time-barred debt is not a *per se* unfair or unconscionable practice that automatically violates § 1692f of the FDCPA.**

Although we find that Plaintiff has stated a plausible claim that Defendants' collection letter was misleading under § 1692e, we reject Plaintiff's claim that the general practice of attempting to collect on time-barred debt is *per se* unfair or unconscionable in violation of 1692f of the FDCPA.  The only legal support Plaintiff offers for this argument is the Seventh Circuit's recent opinion in *Pantoja v. Portfolio Recovery Associates*, *LLC*, 852 F.3d 679, 684 (7th Cir. 2017).  In *Pantoja*, the Seventh Circuit reiterated its decision in *McMahon* that an unsophisticated consumer could potentially be misled by a letter seeking collection on a time-barred debt.  *See id.*  Then, thinking out loud, the court briefly expressed some thoughts about the practice of collecting on time-barred debt, observing that:

18

> [T]he opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on "unfair or unconscionable means" to attempt to collect debts, § 1692f.

*Id.* Ultimately, however, the *Pantoja* Court never articulated such a general prohibition, noting that: (1) the plaintiff had not argued for it and (2) the case could be decided on narrower grounds. *Id.*

The Seventh Circuit's observations in *Pantoja* notwithstanding, courts generally have recognized that the FDCPA does not impose a bright-line rule prohibiting debt collectors from attempting to collect on time-barred debt. *See Daugherty*, 836 F.3d at 509 (noting that "it is not automatically unlawful for a debt collector to seek payment of a time-barred debt"); *Buchanan*, 776 F.3d at 397 ("Legal defenses are not moral defenses, however. And a creditor remains free, in the absence of a bankruptcy order or something comparable preventing it from trying to collect the debt, to let the debtor know what the debt is and to ask her to pay it."). *Pantoja* does not offer adequate justification for upending that general rule, nor does Plaintiff suggest any alternative ground for finding that Defendants engaged in an "unfair or unconscionable" debt collection practice in violation of § 1692f of the FDCPA. Accordingly, the Court affirms the district court's dismissal of Plaintiff's claim under § 1692f.

### III.    Plaintiff's Florida Act Claim

The district court did not dismiss Plaintiff's Florida claim on substantive grounds, but rather declined to exercise pendent jurisdiction over it after dismissing Plaintiff's federal FDCPA claims.  In light of the Court's reversal of the ruling as to Plaintiff's claim under § 1692e of the FDCPA, Plaintiff's Florida claim should be reinstated for consideration on the merits.  *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## CONCLUSION

For the foregoing reasons, we **AFFIRM in part** and **REVERSE in part** the district court's ruling dismissing Plaintiff's FDCPA claims pursuant to Rule 12(b)(6) and declining to exercise jurisdiction over Plaintiff's Florida Act claim. The case is **REMANDED** to the district court for further proceedings consistent with this opinion.

20