[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12853

Non-Argument Calendar

_____

JAMES MADDOX,

Plaintiff-Appellant,

KING SEMAJ,
as Trustee for James Maddox,

Plaintiff,

*versus*

ALDRIDGE PITE, LLP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00398-ELR

————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

James Maddox, *pro se*, sued Aldridge Pite, LLP, under the Fair Debt Collection Practices Act ("FDCPA") and Georgia law for claims related to the foreclosure of real property in Marietta, Georgia. The district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Maddox appealed.

After a careful review of the case law and record, we agree with the district court that Maddox fails to state a claim upon which relief can be granted. First, his complaint fails to state a claim that Aldridge Pite was not foreclosing on behalf of the lawful owners of the security interest in his property, so Count I was properly dismissed. Second, his complaint fails to plead sufficient facts to establish that Aldridge Pite was a "debt collector" under the FDCPA's primary definition, so Counts II, III, and V were properly dismissed. Third, Maddox fails to state a claim that Aldridge Pite used unfair or unconscionable means to collect a debt, so Count IV was properly dismissed. Fourth, Maddox fails to state a claim that Aldridge Pite engaged in flat-rating or otherwise furnished him deceptive forms in violation of 15 U.S.C. § 1692j, so Count VI was

properly dismissed. Fifth, Maddox fails to state a claim that Aldridge Pite committed fraud because he did not plead fraud with particularity, so Count VII was properly dismissed. Because Maddox failed to allege facts plausibly stating a claim for any of his claims, the district court properly dismissed Maddox's complaint. Therefore, we affirm.

## I.

We review a dismissal for failure to state a claim *de novo*, applying the same standard as the district court. *See Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1268 (11th Cir. 2019). To state a claim, a complaint must contain facts that, accepted as true, state a "plausible claim for relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see* Fed. R. Civ. P. 8(a). A fraud claim has an additional hurdle because it must be made with particularity. *See* Fed. R. Civ. P. 9(b). In analyzing the facts, we must exclude legal conclusions from the analysis. *See Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We construe *pro se* pleadings liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But *pro se* parties must still plead "some factual support for a claim." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

### A.

First, we turn to Count I. Maddox alleges that Aldridge Pite did not represent a bona fide purchaser for value because the trust

was not a secured creditor, so Aldridge Pite could not foreclose on his property. This is wrong.

Under Georgia law, a holder of a security deed is a secured creditor who can initiate nonjudicial foreclosure proceedings. *See You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013). Here, Maddox has not alleged facts plausibly showing that Aldridge Pite was not foreclosing on behalf of a lawful holder of a security deed. *See id.*; *Holzman*, 920 F.3d at 1268.

To buy the property underlying this case, Mr. Maddox and Janet Maddox obtained a mortgage in 2003. To secure the mortgage loan, they executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). It was recorded. In 2012, the security deed was assigned from MERS to HSBC Bank USA, N.A. "as trustee for Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Series 2003-4XS" (the "Trust"). Servicing of the loan was transferred to PHH Mortgage Corporation. After a default, the security deed holder sought foreclosure, and Aldridge Pite noticed a foreclosure sale.

Maddox alleged that the deed was transferred to the Trust represented by Aldridge Pite in 2012 but argued that the Trust had ceased to exist in 2004 when it had filed a "Certification and Notice of Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934."

But Maddox's assumption that the Trust ceased to exist when the certification was filed is not supported by the record. The

filing was a securities law filing unrelated to the continued exist-ence of the Trust. The record also does not support that the secu-rity deed was ever transferred away from HSBC as trustee to the Trust. Maddox has also not plausibly alleged facts showing that documents he submitted satisfied the loan or even that they have any legal effect. Thus, HSBC held the security deed and was au-thorized to foreclose under Georgia law, undermining Maddox's allegations related to this claim. The district court therefore did not err in dismissing Count I.

### B.

We now address Counts II, III, and V. Maddox alleged that Aldridge Pite harassed and abused him in connection with the col-lection of a debt in violation of 15 U.S.C. § 1692d (Count II), had made false and misleading representations in connection with the collection of a debt in violation of section 1692e (Count III), and had failed to validate a debt in violation of section 1692g (Count V).

Under the FDCPA, a debt collector may not (1) "harass, op-press, or abuse any person in connection with the collection of a debt" (Count II) or (2) "use any false, deceptive, or misleading rep-resentation or means in connection with the collection of any debt" (Count III). 15 U.S.C. §§ 1692d, 1692e. And within five days of an initial communication regarding a debt collection, a debt collector shall validate the debt in writing (Count V). *See id.* § 1692g(a). But what is a "debt collector" under the FDCPA?

Under the FDCPA's primary definition, a debt collector is "any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This primary definition applies broadly across FDCPA provisions except to section 1692f(6). *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019). Whether a party is an FDCPA debt collector is governed by the statutory definition, not by any self-identification by the party. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1214–19 (11th Cir. 2012) (analyzing whether defendant was an FDCPA debt collector even though defendant had stated in earlier letter that it was a debt collector). The Supreme Court has held that a person engaging only in nonjudicial foreclosures is not a debt collector under the primary definition. *See Obduskey*, 139 S. Ct. at 1038. Incidental notice about the need to pay outstanding debts to avoid foreclosure that is required under state law as part of the foreclosure process does not bring an entity outside the practice of only nonjudicial foreclosures; that entity is still not a debt collector under the primary definition. *See id*. at 1039.

Here, Maddox's complaint does not adequately allege facts that establish Aldridge Pite is a "debt collector" under the FDCPA's primary definition. 15 U.S.C. § 1692a(6); Fed. R. Civ. P. 8(a). The only relevant factual allegation in Maddox's complaint is that Aldridge Pite has repeatedly tried to initiate a nonjudicial foreclosure of his property. Maddox included the most recent foreclosure notice as an exhibit to the complaint. Based on the complaint, which includes this notice, Maddox has failed to plead that Aldridge Pite

does anything more than nonjudicial foreclosure. But again, the Supreme Court held in *Obduskey* that nonjudicial foreclosure alone does not meet the FDCPA's primary definition of a debt collector. *See* 139 S. Ct. at 1038.

Maddox also argues that we should consider new evidence from Aldridge Pite's website in deciding whether the firm is a "debt collector." But on appeal from a dismissal for failure to state a claim, we limit review to the complaint's allegations and do not consider new factual allegations raised for the first time on appeal. *See Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1188 (11th Cir. 1997); *see also Callahan v. U.S. Dep't of Health & Hum. Servs.*, 939 F.3d 1251, 1266 (11th Cir. 2019) ("We are, after all, a court of review, not a court of first view.").

Because the complaint does not plead facts sufficient to plausibly show that Aldridge Pite is a debt collector within the FDCPA's primary definition, the complaint does not state a claim upon which relief can be granted for Counts II (alleged violation of section 1692d), III (alleged violation of section 1692e), or V (alleged violation of section 1692g(a)(2)). The district court therefore did not err in dismissing Counts II, III, and V.

## C.

Next, we turn to Count IV. Maddox argues that Aldridge Pite had used unfair or unconscionable means to collect or attempt to collect a debt in violation of section 1692f(6).

For claims under 15 U.S.C. § 1692f(6), the definition of debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Under section 1692f(6), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute also specifically states that "[t]aking or threatening to take any nonjudicial action" to dispossess property (e.g., foreclosing or threatening to foreclose) violates section 1692f(6) if "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." *Id.* § 1692f(6).

Here, assuming that Aldridge Pite is a debt collector for the purposes of section 1692f(6), Maddox's complaint does not allege facts plausibly showing that Aldridge Pite used an unfair or unconscionable means to collect or attempt to collect a debt. The complaint does not do so generally. And the complaint fails to specifically state a claim of a violation of section 1692f(6) because the complaint fails to state facts to show that Aldridge Pite foreclosed or threatened to foreclose (A) without a present right to possession through an enforceable security interest, (B) without a present intention to take possession, or (C) in the face of a legal exemption from foreclosure. *See id.* Maddox's position that Aldridge Pite's actions were unfair and without a present right to possession is based on the theory that the Trust does not lawfully hold the security

deed to the property, which, as discussed above, is not adequately supported by non-conclusory factual allegations. *See* Fed. R. Civ. P. 8. The district court therefore did not err in dismissing Count IV.

## D.

Now we turn to Count VI. Maddox alleges Aldridge Pite violated 15 U.S.C. § 1692j by furnishing deceptive forms through sending fourteen dunning notices, advertising the property over fifty-six times, and refusing to provide sufficient evidence to validate the purported debt they have attempted to collect. Section 1692j prohibits designing compiling, or furnishing a form knowing that it would be used to trick a consumer into thinking "that a person other than the creditor of such consumer is participating [either] in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a). A dunning notice is a letter asking customers for money they owe. But section 1692j is concerned with "flat-rating." *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 734 (7th Cir. 2004) (citing *White v. Goodman*, 200 F.3d 1016, 1018 (7th Cir. 2000)). "The classic 'flat-rater' effectively sells his letterhead to the creditor, often in exchange for a per-letter fee, so that the creditor can prepare its own delinquency letters on that letterhead." *Id.* (quoting *Nielsen v. Dickerson*, 307 F.3d 623, 633 (7th Cir. 2002)). "Use of a third party's letterhead gives the delinquency letters added intimidation value, as it suggests that a collection agency or some other party is now on the debtor's back." *Id.* at 734–35 (quoting *Nielsen*, 307 F.3d at 633). Mr. Maddox does not

even suggest that Aldridge Pite was engaged in "flat-rating" in this case. The complaint alleges nothing that would fit within section 1692j's prohibitions. Thus, Maddox has failed to state a claim on Count VI, and it was properly dismissed.

*E.*

Finally, we turn to Count VII, the fraud claim. Maddox alleged that Aldridge Pite had engaged in fraudulent misrepresentation to obtain property. Federal Rule of Civil Procedure 9(b) requires a plaintiff "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." Regarding this Rule, we have held that "a plaintiff needs to plead the who, what, when, where, and how regarding a claim [] when Rule 9(b)'s heightened pleading standard applies." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023) (citing *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022)).

Count VII is premised upon the allegations that Maddox satisfied the loan and the factually and legally incorrect idea that HSBC was not a secured creditor that could foreclose. As we discussed above, Georgia law allowed foreclosure. After excluding the bare conclusory statement that the defendant had devised a scheme or artifice to defraud, the complaint does not contain sufficient facts to state a claim of fraud—especially given the heightened particularity pleading requirement. Count VII was properly dismissed.

23-12853                    Opinion of the Court                    11

⋆ ⋆ ⋆

We also note that Maddox does not challenge on appeal the dismissal of the so-called amended complaints that contained the name "King Semaj." Accordingly, any challenge to that dismissal has been waived.

**III.**

For the reasons stated above, we **AFFIRM**.